# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **DIEGO SOLIS, REBEKAH SOLIS,** | § | |
| **& JOEL SOLIS** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION No. 7:22-cv-51** |
| **SHARYLAND INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| **Defendants,** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, Diego Solis ("Student" and/or "Plaintiff") and files this Original Complaint against Sharyland Independent School District ("Sharyland," "SISD" or "The Defendant") , and would show the court as follows:

1.

### Jurisdiction and Venue

1.1     This action arises under the Individuals with Disabilities Education Act ("IDEA") and is brought pursuant to 20 USC § 1415(i)(2) and (3) for an award of attorney's fees and an. The Court has jurisdiction of this action under the IDEA, 20 U.S.C. § 1415(i)(3).

1.2     Venue properly lies in this Court pursuant to the general venue statute, 28 U.S.C. § 1391(b).

2.

### The Parties

2.1    Diego Solis is an individual who is a resident of Hidalgo County, Texas. Plaintiff has at all relevant times resided in the Sharyland Independent School District. Plaintiff is presently eighteen years old.

2.2    Joel Solis and Rebekah Solis are the parents of Diego Solis and filed as Petitioners for the administrative due process hearing as next friend of Diego Solis and in their individual capacities. They are residents of Hidalgo County, Texas.

2.3    Sharyland Independent School District is a public school district in the State of Texas, located in Sharyland, Texas in Hidalgo County, and is a recipient of federal funds.

2.4    Title VI of the Civil Rights Act provides that "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of ... title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. 42 U.S.C. § 2000d–7(a)(1).

3.
Claim for Relief under Count 1: Attorney's Fees

3.1    As a prevailing party in the underlying due process hearing, styled *Diego S. b/n/f Joel and Rebekah S. v. Sharyland Independent School District*; TEA Docket No. 175-SE-0521, Plaintiffs are entitled to reasonable attorney's fees for the administrative matter pursuant to 20 USC § 1415(i)(3).

3.2    Plaintiffs are additionally entitled to reasonable attorney's fees and costs for bringing this action.

4.

Claim for Relief under Count 2: Appeal pursuant to 20 U.S.C. § 1415(i)(2)(A)

4.1    The IDEA statute provides that any party aggrieved by the finding of an administrative hearing officer may bring a civil action. Although Plaintiffs were the prevailing party in the underlying due process action, Plaintiffs assert that the Hearing Officer made some findings of fact and conclusions of law which were in error, and did not order all relief to which Plaintiffs were entitled in her November 17, 2021 Order. Plaintiff is thus an aggrieved party pursuant to 20 U.S.C. § 1415(i)(2)(A).

4.2    Plaintiffs contend that portions of the decision of the Hearing Officer are erroneous as a matter of law. Plaintiff seeks an order partially reversing the Hearing Officer's decision, and granting Plaintiffs their requested relief.

4.3    When a federal district court reviews a state hearing officer's decision, the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 252 (5th Cir. 1997). Although the district court must accord "due weight" to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence. *Id*. Accordingly, the district court's "review" of a hearing officer's decision is "virtually de novo." *Id*. Indeed, given its adducing of new evidence, even evidence of matters that have occurred since the administrative hearing under review, the district court proceeding under the IDEA is a hybrid, akin to a "trial de novo." *Id*.

4.

Factual Background

5.1    Diego Solis is presently an eighteen year old student who has attended Sharyland ISD since the third grade. Throughout his entire academic career, Diego had many challenges

academically, emotionally and with a speech impediment. His parents Rebekah and Joel repeatedly asked the school for help to no avail. The District told the parents they could seek outside assistance, and the parent's, believing this was their only option, sought private evaluations and services for Diego at their own expense. Plaintiffs asserted in their underlying request for a Special Education Due Process Hearing that Student was denied a Free Appropriate Public Education (FAPE) pursuant to The IDEA.  Plaintiff asserted that the District failed to follow the Child Find provisions of IDEA which require a school district to maintain policies and procedures to ensure that all children with disabilities who are in need of special education and related services, are identified, located, and evaluated. *Spring Branch Indep. Sch. Dist. v. O.W. by Hannah W.*, 961 F.3d 781, 790 (5th Cir. 2020), *cert. denied sub nom. Spring Branch Indep. Sch., Dist. v. O. W. By Next Friend Hannah W.*, 141 S. Ct. 1389, 209 L. Ed. 2d 129 (2021). A school district must identify, locate, and evaluate students with known or suspected disabilities within a reasonable time after the school district is on notice of facts or behavior likely to indicate a disability. *Id.* Plaintiff also asserted in the underlying action that the District failed to provide the Student with related services that the Student was due under IDEA including counseling, psychological services and speech therapy.

5.2    The Hearing Officer did make a finding that the District violated its Child Find duties, that The District denied Student a FAPE by failing to timely identify him as a student with a disability and in need of special education and by failing to offer an appropriate program during the Spring 2021 semester, and ordered the District to provide compensatory psychological services.

5.3    Petitioners asserted in the due process hearing that the Child Find violation occurred significantly earlier than the Spring 2021 semester. While a one year statute of limitation applies to Plaintiff's IDEA claim (the Texas legislature has subsequently extended the limitations period to two years), Plaintiff asserted an exception to the one year statute of limitations pursuant to 19 TAC §89.1151. That statute allows an extension of the one year statute of limitations if a parent was prevented from filing a request for a due process hearing due to the District withholding information from the parent that was required by 34 CFR, §300.1, et seq. to be provided to the parent. One such piece of information contained in 34 CFR, §300.1, et seq. is the requirement to provide prior written notice to a parent consistent with 34 CFR § 300.503(a)(2):

> (a) Notice. Written notice that meets the requirements of paragraph (b) of this section must be given to the parents of a child with a disability a reasonable time before the public agency -
>> (1) Proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child; or
>> (2) Refuses to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child.
> (b) Content of notice. The notice required under paragraph (a) of this section must include -
>> (1) A description of the action proposed or refused by the agency;
>> (2) An explanation of why the agency proposes or refuses to take the action;
>> (3) A description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;
>> (4) A statement that the parents of a child with a disability have protection under the procedural safeguards of this part and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;
>> (5) Sources for parents to contact to obtain assistance in understanding the provisions of this part;
>> (6) A description of other options that the IEP Team considered and the reasons why those options were rejected; and
>> (7) A description of other factors that are relevant to the agency's proposal or refusal.

Petitioners asserted that the District was obligated to provide prior written notice because the District refused to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child in both 2012 and 2016. In both of those years, Plaintiffs shared a private evaluation (Exhibits P4 and P5 in the underlying due process) to the District which recommended the District consider a special education placement. 34 CFR, § 300.502(c) requires that if a parent shares a private evaluation with the District **it must be considered by the public agency in making determinations regarding FAPE**. However when the District received those reports in 2012 and 2016 and both refused to change placement and refused to further evaluate they were clearly refusing to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child pursuant 34 CFR § 300.503(a)(2). The District was thus obligated to send prior written notice. It was uncontested at hearing that the District failed to send any such prior written notice. One piece of that prior written notice 34 CFR § 300.503(b)(4), requires the District to send a copy of the procedural safeguards to the parents. The procedural safeguards are required to contain a description of the opportunity to present and resolve complaints through the due process complaint and State complaint procedures 34 CFR § 300.504(c)(5). That would have explained to the parent that they could file a due process hearing to challenge the District's refusal to put Student in special education, which they testified they were unaware of at the time.

     5.4    Because the District didn't send the prior written notice when it received the recommendation to put the Student in special education, but refused to make that change in placement, it never sent a copy of the procedural safeguards to the parent explaining how to file a

due process, and thus the statute of limitations exception is met, because the parent was prevented from filing a request for a due process hearing due to the District withholding information from the parent that was required by 34 CFR, §300.1, et seq. Although this was all well established with evidence and testimony, the Hearing Officer erroneously ruled that Plaintiff did not meet his burden to establish that prior written notice was required to be sent. This significantly limited Plaintiff's case, and the remedies which should have been afforded to the Plaintiff. Rather than a 9 year violation, this was only deemed a 4 month violation. Instead of providing compensatory education and related services to address all areas of disability which Student was deprived of for 9 years, the Hearing Officer only ordered compensatory psychological services for 4 months worth of time. All of the reimbursements for which Plaintiff sought reimbursement for private tutoring and private services were incurred outside of the one year statute of limitations, and so that remedy was also denied.

5.5    The Hearing Officer made various other erroneous findings of fact and conclusions of law which limited the relief available to the Plaintiff, including that Plaintiff had not met its burden to demonstrate denial of FAPE in any other area except what the Hearing Officer identified. Plaintiff submitted competent evidence that demonstrated that Student had long experienced difficulties with a speech impairment, ADHD, and a specific learning disability as well. Plaintiff asserts they are entitled to relief related to the failure to provide a FAPE addressing Diego's unique needs related to those conditions as well. Further, the Hearing Officer ruled that Plaintiff's complaints regarding the District's evaluation were not properly before her; this was erroneous because Plaintiff's complaints about the evaluation related to the District's

failure to timely identify the Student in all areas of suspected need, which was clearly raised in Plaintiff's petition and were thus properly before the Hearing Officer.

5.6    The US Dept Education has determined in a letter dated August 27, 2021 to the Texas Education Agency and Mike Morath that TEA has continued to fail to comply with the requirements under IDEA. OSEP found that TEA has failed ensure that all children with disabilities residing in the State who are in the need of special education and related services were identified, located and evaluated, regardless of the severity of the disability, as required by IDEA section 612 (a)(3) and its implementing regulations at 34 CFR 300.111. OSEP found that TEA failed to ensure that a free appropriate public education (FAPE) was made available to all children with disabilities as required by IDEA section 612 (a)(1) its implementing regulations at 34 CFR 300.101, and finally failed to fulfill general supervisory and monitoring responsibilities as required by IDEA section 612 (a)(11) and 616 (a)(1)(C) its implementing regulations at 34 CFR 300.149 and 300.600 along with 20 USC 1232 (b)(3)(A) to ensure that local LEA, throughout the State properly implement the IDEA child find, individual evaluation, and FAPE requirements When the Texas Education Agency continues for years to ignore its responsibilities to monitor and ensure a FAPE with impunity, Sharyland ISD has no incentive to ensure its own responsibilities follow Child Find regulations and to ensure a FAPE nor will state administrative Hearing Officers enforce the provision of a FAPE.

5.7    Subsequent to the filing of the complaint the Texas Legislature passed SB 89 which requires a Local Education Agency (LEA) to inquire about compensatory educational services if the initial evaluation were in school year 2019-2020 and/or 2020-2021 school year. When the District had already found that the Student was eligible for a speech impairment and

ADHD in, it was inappropriate for the Hearing Officer not to consider compensatory educational services to address those disabilities in addition to the compensatory counseling that was ordered.

      5.7    Plaintiffs assert that the Hearing Officer's ruling contained both errant findings of fact and conclusions of law and seek *de novo* review of its claims brought pursuant to IDEA.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs pray for relief as set forth below:

a.  This Court assume jurisdiction over this action;

b.  Enter an order partially reversing the decision of the Special Education Officer and granting all relief requested of the Special Education Officer, specifically:

      1.    Order compensatory education and related services to address the student's area of disabilities and/or needs to include, but not limited to tutoring, speech, social skills, and counseling and leisure therapy through private providers.

      2.    ORDER an IEE in the areas of cognitive, achievement, autism, counseling, and a functional behavior assessment at district expense;

      3.    Find that Student has been denied a FAPE;

      4.    ORDER that DAEP is an inappropriate placement for the Student.

      5.    ORDER a private placement.

      6.    ORDER an independent Transition program/training for post-secondary

      7.    Reimbursement for all expenses related to education, related services (including psychological services) and diagnosis/identification and evaluation incurred by Parents;

      8.    Reimbursement of all costs and representation fees that Parent has incurred in filing this due process;

      9.    Any and all other remedies that Petitioners may be entitled to under the law.

c.  Find that Plaintiff is the prevailing party and that Plaintiff is entitled to attorneys fees pursuant to 20 USC § 1415 (i) (3);

d.  All such and further relief to which Plaintiffs may be entitled as a matter of law and equity.

Dated: February 14, 2022

/s/ Jordan McKnight
Jordan McKnight
attorney-in-charge
SBN: 24075586
P.O. Box 664
Little Elm, Texas 75068
Tel:  (903) 271-4696
Fax:  (972) 408-3432
jordanmcknightlaw@gmail.com
*ATTORNEY FOR PLAINTIFFS*